# EXHIBIT A

VIRGINIA:   IN THE CIRCUIT COURT OF THE CITY OF NORFOLK

MARY JANE HALL,

    Plaintiff

v.                                                        Case No.: CL18-001706-00
                                                  PLAINTIFF DEMANDS A JURY TRIAL

THE COCA-COLA COMPANY
**SERVE:**  SECRETARY OF THE COMMONWEALTH
            Patrick Henry Building, 4th Floor
            111 East Broad Street
            Richmond, VA 23219

and

COCA-COLA BOTTLING CO. CONSOLIDATED
**SERVE:**  CT CORPORATION, Registered Agent
            4701 Cox Road, Suite 285
            Glen Allen, VA 23060

and

COCA-COLA REFRESHMENTS USA, INC.
**SERVE:**  CORPORATION SERVICE COMPANY, Registered Agent
            100 Shockoe Slip, 2nd Floor
            Richmond, VA 23219

and

COCA-COLA ENTERPRISES BOTTLING COMPANIES
a/k/a and/or d/b/a Coca-Cola Enterprises, Inc.
**SERVE:**  CORPORATION SERVICE COMPANY, Registered Agent
            100 Shockoe Slip, 2nd Floor
            Richmond, VA 23219

and

COCA-COLA VENTURES, INC.,
**SERVE:**  CT CORPORATION SYSTEM, Registered Agent
            4701 Cox Road, Suite 285
            Glen Allen, VA 23060

and

RODDY COCA-COLA BOTTLING COMPANY, INC.
SERVE:   BEVERLEY L. CRUMP, Registered Agent
         100 Shockoe Slip, 2nd Floor
         Richmond, VA 23219

and

PRIME TEAM MARKETING SERVICES, INC.
SERVE:   SECRETARY OF THE COMMONWEALTH, Registered Agent
         Patrick Henry Building, 4th Floor
         1111 East Broad Street
         Richmond, VA 23219

and

PRIME TEAM SERVICES, INC.
SERVE:   SECRETARY OF THE COMMONWEALTH, Registered Agent
         Patrick Henry Building, 4th Floor
         1111 East Broad Street
         Richmond, VA 23219

and

ACOSTA, INC.
SERVE:   CORPORATION SERVICE COMPANY, Registered Agent
         100 Shockoe Slip, 2nd Floor
         Richmond, VA 23219

and

RYAN RODERICK,

and

ROBERT ADAMS,

and

PATRICIA HANCHEY,
a/k/a Patty Hanchey

                Defendants.

## COMPLAINT

COMES NOW the Plaintiff, Mary Jane Hall by counsel and moves the Circuit Court of the City of Norfolk, Virginia for judgment against the Defendants, The Coca-Cola Company, Coca-Cola Bottling Company, Consolidated, Coca-Cola Refreshments USA, Inc., a/k/a and/or d/b/a Coca-Cola Enterprises Bottling Companies, a/k/a and/or d/b/a Coca-Cola Enterprises, Inc., Coca-Cola Ventures, Inc., Roddy Coca-Cola Bottling Company, Inc., Prime Team Marketing Services, Inc., Prime Team Services, Inc., Acosta, Inc., Ryan Roderick, Robert Adams, and Patty Hanchey on grounds and in the amount as hereinafter set forth:

1. That at all times and places pertinent hereto, the corporate Defendants, are corporations properly qualified to conduct business in the Commonwealth of Virginia except for The Coca-Cola Company, Prime Team Marketing Services, Inc., and Prime Team Services, Inc., who are foreign corporations authorized to do business in Virginia.

2. On March 2, 2016, as plaintiff was standing with her cart preparing to shop inside the Joint Expeditionary Base Little Creek Commissary located at 1180 Amphibious Drive, Virginia Beach, Virginia, when a negligently and improperly displayed, unsecured basketball goal post fell and struck the plaintiff, causing the plaintiff to sustain serious and permanent injuries.

3. That at all times pertinent to this suit, defendants, The Coca-Cola Company, Coca-Cola Bottling Company Consolidated, Coca-Cola refreshments USA, Inc., a/k/a and/or d/b/a Coca-Cola Enterprises Inc., Coca-Cola Ventures, Inc.,

Roddy Coca-Cola Bottling Company, Inc., Prime Team Services, Inc., Prime Team Marketing Services, Inc., and Acosta, Inc., Ryan Roderick, Robert Adams and Patty Hanchey on information and belief, were employed and/or contracted to deliver beverages and other products and/or services to the Little Creek Commissary, to which the plaintiff and members of the military population are invited. It is the duty of the Defendants, their agents, servants and/or employees to assemble, design, erect, set up and/or maintain the Coca-Cola basketball goal display in a reasonably safe condition; to make reasonable inspections; to determine whether any hazards and/or latent defects exist and to warn the public of any hazards and/or latent defects which are known or in the exercise of reasonable care and foresight should have been known to them, their agents, servants and/or employees.

4.   Upon information and belief, at all relevant times Ryan Roderick was employed or contracted by The Coca-Cola Company, Coca-Cola Bottling Company, consolidated, Coca-Cola Refreshments USA, Inc., a/k/a and/or d/b/a Coca-Cola-Cola Enterprises, Inc., Coca-Cola Ventures, Inc., and/or Roddy Coca-Cola Bottling Company, Inc., and was acting within the scope of said employment when he set up, erected and installed the basketball goal post and placed a case of the product onto the basketball goal base instead of filling it with sand, water or some heavy medium.

5.   Upon information and belief, at all relevant times, Patricia Hanchey, Robert Adams, Acosta, Inc., Prime Team Services, Inc., Prime Team Marketing Services, Inc., were responsible for managing, monitoring and stocking the particular basketball goal display that injured the Plaintiff and were acting within the scope of

their employment.

6. Upon information and belief, at all relevant times Robert Adams was employed or contracted by Prime Team Services, Inc., and/or Prime Team Marketing Services, Inc., and/or Acosta, Inc., and/or Patricia Hanchey.

7. Upon information and belief, at all relevant times Ryan Roderick's job duties included: delivering Coca-Cola beverage products to the Joint Expeditionary Base - Little Creek Commissary located at 1180 Amphibious Drive, Virginia Beach, Virginia and setting up or creating advertising displays including the subject basketball goal display to advertise Coca-Cola products.

## COUNT I

8. That all times pertinent to this suit, it was the duty and obligation of the defendants, jointly and severally, to perform their services, set up the display, inspect and maintain the display with reasonable care to safeguard the invitees' of the Little Creek Commissary from risk of injury and to warn the invitees' of all hazards they created in performing their work.

9. The defendants had actual and/or constructive notice of this dangerous condition of the improperly secured basketball post, goal and base in the front area of the store because the defendants negligently designed and created this foreseeable dangerous condition by failing to properly secure and/or add weight to the base of the basketball post and negligently failed to maintain the basketball post, goal and base or secure its support or cure the dangerous condition or warn its' customers of the dangerous hazard created by and consisting of failing to fill the

base with water or sand or other heavy medium and placed their product on the base for support instead.

10. The defendants, jointly and severally, expected, knew or in the exercise of reasonable care and foresight should have known that customers of the Commissary or co-defendants would remove the products from the basketball pole base in order to purchase them and that such expected conduct would render the basketball pole unstable and cause it to fall.

11. That it was the duty of the defendants to make reasonable inspections to determine whether any latent defects or hazards existed with their Coca-Cola basketball goal display and to warn the invitees' of the goal display and to warn the invitees' of the Commissary of any defects or hazards known or should have been known to them, their agents and employees.

12. Notwithstanding said duties, on or about March 2, 2016, defendants, their agent and/or employees, negligently violated said duties and created, designed, assembled, set up, and maintained a dangerous condition and negligently failed to place any warning signs or markings around said area.

13. That as a direct and proximate result of the Defendant's negligence as aforesaid, Plaintiff was struck by the basketball hoop and sustained serious injuries.

14. That as a direct and proximate result thereof, Plaintiff was caused to sustain serious and permanent injuries; has been forced to incur medical bills in an effort to be cured of his injuries; has suffered and continues to suffer great pain of body and mind; has sustained permanent disability, deformity and loss of earning

capacity; has incurred and will in the future incur hospital, doctor and related bills in an effort to be cured of said injuries; has been prevented from transacting his business; has suffered lost wages; has suffered inconvenience; and has endured extreme humiliation and will do so in the future.

## COUNT II

15. Plaintiff adopts and re-alleges paragraphs 1-14 and incorporated each and every paragraph of this Complaint as though each paragraph was printed in its entirety within this Count.

16. That defendants Prime Team Marketing Services, Inc., Prime Team Services, Inc., Acosta, Inc., and Ryan Roderick, Robert Adams and Patricia Hanchey acted to provide a service which clearly impacted the safety of other persons to have a duty of care to any person who could be affected by the careless performance of their service of installing, maintaining, inspecting, and properly securing the base of basketball goal and post.

17. That in the course of their services, installations, maintenance work and responsibilities relating to The Coca-Cola basketball goal, post and base display, these named defendants owed the duty to the Plaintiff and others lawfully on the premises of the Joint Expeditionary Base Commissary to use reasonable care in the performance, erection, maintenance and inspection of any such work regardless whether they did not design or create the basketball display.

18 That it was reasonably foreseeable to these defendants, their agents, employees that serious injury could and would be caused to persons

from the basketball goal and post falling on The Joint Expeditionary Base - Little Creek Commissary premises if they merely placed a case of the Coca-Cola product on the base of the basketball post without filling the base with water or sand and that the display was located in a main area where customers traveled and picked up the cases of the product from the display for purchase.

19  That these defendants breached these duties and that as a direct and proximate result thereof, plaintiff was caused to sustain serious and permanent injuries; has been forced to incur medical bills in an effort to be cured of her said injuries; has suffered and continues to suffer great pain of body and mind; has sustained permanent disability, deformity and loss of earning capacity; has incurred and will in the future incur hospital, doctor and related bills in an effort to be cured of said injuries; has been prevented from transacting his business; has suffered lost wages; has suffered inconvenience; and has endured extreme humiliation and will do so in the future.

WHEREFORE, Plaintiff moves the Court for a judgment and award against The Coca-Cola Company, Coca-Cola Bottling Company Consolidated, Coca-Cola Refreshments USA, Inc., a/k/a and/or d/b/a Coca-Cola Enterprises Bottling Companies, a/k/a and/or d/b/a Coca-Cola Enterprises, Inc., Coca-Cola Ventures, Inc., Roddy Coca-Cola Bottling Company, Inc., Prime Team Marketing Services, Inc., Prime Team Services, Inc., Acosta, Inc., Ryan Roderick, Robert Adams and Patty Hanchey in the amount of ONE-MILLION DOLLARS ($1,000,000.00), together with pre-judgment interest from March 2, 2016 and his costs incurred herein.

MARY JANE HALL

By _____
Of Counsel

Manolita A. Holadia, Esquire
JOYNES & GAIDIES
VSB #:35261
Lance R. Garner, Esquire
JOYNES & GAIDIES
VSB #: 87552
502 Viking Drive
Suite 201
Virginia Beach, VA 23452
Telephone: (757) 486-3000
Facsimile: (757) 486-4732