IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

MARY JANE HALL,

    Plaintiff,

v.                                                             Civil Action No.: 2:18cv00244

THE COCA-COLA COMPANY, et al.

    Defendants.

## BRIEF IN SUPPORT OF MOTION TO REMAND

NOW COMES the plaintiff, Mary Jane Hall, and for her Brief in Support of her Motion to Remand says as follows:

## FACTS & PROCEDURAL HISTORY

Plaintiff sustained serious injuries when a display fell on her at the Joint Expeditionary Base Little Creek Commissary on March 2, 2016. She filed a complaint in the Circuit Court for the City of Norfolk against several defendants alleging common law negligence theories on March 1, 2018. The Coca Cola defendants and Patricia Hanchey answered in state court. The Prime Team defendants (hereafter "Prime Team") filed a Notice of Removal on May 9, 2018 in this Court based solely on subject matter jurisdiction grounded in the federal enclave doctrine. Every defendant is a private entity. The United States of America is not a party to this action.

The Plaintiff has attached Prime Team's Notice with all exhibits to this brief as Exhibit A for the Court's convenience.

1

## LEGAL STANDARD

The party seeking removal bears the burden of establishing federal jurisdiction. *Monroe v. Great Lakes Dredge & Dock Co.*, No. 2:14-cv-264, p. 2-4 (E.D. Va., 2014). Removal jurisdiction is disfavored and must be strictly construed. *Id. citing Lontz v. Tharp*, 413 F.3d 435, 440 (4th Cir. 2005); *Aegis Def. Servs., LLC v. Chenega-Patriot Grp., LLC*, 141 F.Supp.3d 479, 484 (E.D. Va., 2015). A Defendant seeking removal must allege sufficient facts in its notice of removal to plausibly establish a basis for federal jurisdiction, and if challenged, must prove that the court has jurisdiction. *See, Strawn v. At & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir, 2008) *citing Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir.2008).

## ARGUMENT

Prime Team bases its Notice of Removal exclusively upon federal enclave doctrine. Federal subject matter jurisdiction under the federal enclave doctrine requires that the federal government acquire land within a state, that the state cede or consent to federal jurisdiction, and that the federal government accept jurisdiction. *Paul v. United States*, 371 U.S. 245, 267 (1963); *Jaat Technical Servs., LLC v. Tetra Tesoro, Inc.* 3:15cv235, p. 6 ( E.D. Va., 2016). Where the state has ceded and the federal government has accepted jurisdiction, a party seeking to invoke federal subject matter jurisdiction under the federal enclave doctrine must demonstrate that the case implicates a substantial federal interest. *Federico v. Lincoln Military Housing, et. al.*, 901 F. Supp.2d 655, 671-676 (E.D. Va. 2012)

While Prime Team's Notice seems to establish that the federal government acquired the land that Joint Expeditionary Base Little Creek currently occupies, it fails to

establish: (1) that the Commonwealth of Virginia ever consented to or ceded exclusive or even concurrent jurisdiction over civil matters, arising under state common law, to the federal government; (2) to the extent that the Commonwealth did cede or consent to federal jurisdiction, that the federal government ever accepted jurisdiction; (3) that a substantial federal interest exists to justify federal subject matter jurisdiction.

### A. **Prime Team's Notice fails to establish that the Commonwealth ceded jurisdiction to the federal government.**

There is no basis for federal enclave jurisdiction unless the federal government acquires title to the land in question *and* the state cedes its jurisdiction to the federal government. *Paul v. United States*, 371 U.S. 245, 267 (1963).

Prime Team's notice fails to state any facts or cite any Virginia statute from which the Court can determine whether the Commonwealth has ceded jurisdiction to the federal government. Assuming, without conceding, that the Commonwealth has ceded jurisdiction, the Notice fails to state any facts that indicate whether the Commonwealth has ceded exclusive jurisdiction, concurrent jurisdiction, or has expressly retained exclusive jurisdiction over the case at bar.

As a result of the foregoing, Prime Team Services, Inc. has failed to carry its burden to establish this Court's subject matter jurisdiction under the federal enclave doctrine.

### B. **Prime Team's Notice fails to establish that the federal government ever accepted jurisdiction.**

In order to obtain jurisdiction of any kind over land, the appropriate federal authority must accept jurisdiction on behalf of the United States by "…filing a notice of

acceptance with the Governor of the State or in another manner prescribed by the laws of the state where the land is situated." 40 U.S.C. § 3112(b). Where the federal government fails to accept jurisdiction under § 3112(b), there is a conclusive presumption against federal jurisdiction. 40 U.S.C. § 3112(c). This presumption applies to property acquired after 1940. *United States v. Johnson*, Criminal No. 3:17-CR-136-HEH (E.D. Va., 2018) c*iting Markham v. United States*, 215 F.2d 56, 58 (4th Cir. 1954).

Prime Team attached an Order Vesting Title to its Notice of Removal which indicates that the land on which the commissary is allegedly situated was acquired in 1942. Def. Not. Rem. Ex. F. Prime Team must therefore demonstrate that the United States accepted jurisdiction over the relevant land by "filing a notice … or in another manner…"

Prime Team's Notice fails to state any facts much less offer any proof that the United States accepted jurisdiction and therefore fails to establish a basis for subject matter jurisdiction under the federal enclave doctrine.

C. **Prime Team's Notice fails to establish that this case implicates a substantial federal interest.**

Assuming, without conceding, that Prime Team has carried its burden to establish that the Commonwealth ceded some kind of jurisdiction and that the United States accepted jurisdiction, this Court still does not have subject matter jurisdiction under the federal enclave doctrine unless the case implicates a substantial federal interest. *See, Federico* 901 F. Supp.2d at 671-676; *See also, John Stewart Co. v. Lavie*, Case No. 17-cv-06301-LB (N.D. Cal., 2017).

4

Defendant's Notice states that "the alleged incident implicates federal interests because the commissary is run by a federal agency, the DeCA." Def. Not. Rem. ¶ 19. However, the Notice fails to state any facts that establish the relevance of the federal agency running the commissary to the question of federal interest. Importantly, neither DeCA nor the United States of America are parties to the case.

In *Federico*, Judge Doumar ruled that the dispute involved matters of substantial federal interest because, among other reasons, the Plaintiff was a Gunnery Sergeant in the United States Marine Corps. and the case involved the condition of military housing owned by the United States Navy and managed by a federal privatization program controlled by the Navy. *Id.*

Prime Team has failed to establish or even articulate any facts demonstrating that the matters involved in this case are of any interest to the federal government at all. Prime Team has therefore failed to carry its burden of establishing a substantial federal interest necessary to invoke subject matter jurisdiction under the federal enclave doctrine.

### D. The Court should not grant Prime Team Leave to Amend.

28 U.S.C. § 1653 permits parties to amend a removal notice after 28 U.S.C. § 1446(b)'s thirty-day period under limited circumstances. The Eastern District of Virginia has consistently held that courts only have discretion to allow leave to amend under § 1653 where the proposed amendments merely add specificity to imperfectly stated grounds for removal, not where the proposed amendments add missing allegations or grounds. *SunTrust Bank v. Vill. At Fair Oaks Owner LLC*, 766 F.Supp.2d 686, 690-91 (E.D. Va., 2011) *citing Thompson v. Gillen*, 491 F.Supp. 24, 27 (E.D.Va.1980); *Richmond, Fredericksburg & Potomac R.R, Co. v. Intermodal Servs., Inc.*, 508 F.Supp.

804, 805–07 (E.D.Va.1981); *Iceland Seafood Corp. v. Nat'l Consumer Coop. Bank*, 285 F.Supp.2d 719, 726–27 (E.D.Va.2003); *Tincher v. Ins. Co.*, 268 F.Supp.2d 666, 667–68 (E.D.Va.2003).

Prime Team's Notice completely fails to put forth any allegation as to whether Virginia ceded jurisdiction (or what kind of jurisdiction it ceded, if any), completely fails to put forth any allegation as to whether the federal government accepted jurisdiction, and relies on a single conclusory statement for the proposition that the case implicates a substantial federal interest. The whole basis of Prime Team's assertion of subject matter jurisdiction seems to be that the incident alleged in the compliant occurred on federal property and that in some cases, where an incident occurs on federal property, federal courts have subject matter jurisdiction under the federal enclave doctrine.

In order to correct the defects regarding cession, acceptance, and federal interests in the Notice, Prime Team would have to make several new and substantive allegations of the kind 28 U.S.C. § 1653 does not permit.

## CONCLUSION

Plaintiff, Mary Jane Hall respectfully requests that the Court grant her Motion to Remand on the basis that Prime Team Marketing Services, Inc. and Prime Team Services, Inc. have failed to establish a sufficient basis for subject matter jurisdiction.

                                      MARY JANE HALL

                                      By:_____/s/_____
                                      Manolita A. Holadia, Esq., VSB:# 35261
                                      Lance R. Garner, Esq., VSB # 87552
                                      Counsel for Mary Jane Hall
                                      JOYNES & GAIDIES

502 Viking Drive, Suite 201
Virginia Beach, VA 23452
(757) 486-3000 Telephone
(757) 486-4732 Facsimile
manny@joyneslaw.com
lance@joyneslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of May, 2018, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

W. Barry Montgomery, Esquire VSB # 43042
W. Andrew Webb, Esquire VSB#: 91163
KALBAUGH, PFUND & MESSERSMITH
901 Moorefield Drive, Suite 200
Richmond, Virginia 23236
Counsel for Defendants
(804) 320-6300
(804) 320-6312(fax)
barry.montgomery@kpmlaw.com

David M. Gettings (VSB No. 80394)
Elizabeth S. Flowers (VSB No. 78487)
Troutman Sanders, LLP
222 Central Park Avenue, Ste 2000
Virginia Beach, Virginia 23507
Counsel for Prime Team
(p) 757-687-7537
(f) 757 687 1546
dave.gettings@troutman.com
liz.flowers@troutman.com

David L. Campbell, Esquire VSB # 75960
Duane, Hauck, Gravatt & Campbell
100 West Franklin Street, Suite 100
Richmond, Virginia 23220
Counsel for Acosta, Inc and Patricia Hanchey
(804) 644-7400
(804) 649-8329
d.campbell@dhgclaw.com

/s/
Manolita A. Holadia, Esq., VSB:# 35261
Lance R. Garner, Esq., VSB # 87552
Counsel for Mary Jane Hall

7

JOYNES & GAIDIES
502 Viking Drive, Suite 201
Virginia Beach, VA 23452
(757) 486-3000 Telephone
(757) 486-4732 Facsimile
manny@joyneslaw.com
lance@joyneslaw.com