## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

**MARY JANE HALL,**

      **Plaintiff,**

**v.**                               **Case No.: 2:18cv244**

**THE COCA-COLA COMPANY, et al.,**

      **Defendants.**

### OPINION AND ORDER

This matter is before the Court on a Motion to Remand filed by plaintiff Mary Jane Hall ("Plaintiff" or "Hall"). Mot. to Remand, ECF No. 9. After Plaintiff was injured when a product display fell on her at the commissary on Joint Expeditionary Base Little Creek ("Little Creek"), she brought suit against multiple defendants in the Circuit Court of the City of Norfolk, Virginia. Compl., ECF No. 1-1. Defendant Prime Team Services, Inc. ("Defendant" or "Prime Team") removed the case to this Court, contending that jurisdiction was proper under federal enclave jurisdiction because Plaintiff was injured on a federally owned military base. Notice of Removal, ECF No. 1. Plaintiff then filed a Motion to Remand, challenging the sufficiency of Defendant's notice of removal and arguing Defendant should not be granted leave to amend. ECF No. 9. The motion has been fully briefed and no hearing is necessary. For the reasons noted below, the Court

**DENIES** Plaintiff's Motion for Remand and **GRANTS** Defendant Leave to Amend.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 2, 2016, while Plaintiff was at the commissary located on Little Creek, a basketball goal post, which was part of a product display, fell and injured her. Compl., ECF No. 1-1. Plaintiff initiated the present negligence action against Prime Team and several other defendants in the Circuit Court for the City of Norfolk on March 1, 2018. Id. The Complaint alleges that Prime Team was one of the parties responsible for "managing, monitoring, and stocking" the display. Id. The other defendants answered in state court in April, 2018. State Court Docket, ECF No. 1-4. Prime Team timely filed a notice of removal on May 9, 2018, to which the other defendants consented.[1] Notice of Removal, ECF. No. 1.

The notice of removal stated that the case could have been brought in federal court originally under federal enclave jurisdiction. Id. Defendant alleges that Little Creek is a federal enclave because it is a military base owned by the federal government. Id. To support the assertion of federal ownership, the notice of removal included a link to a history of Little Creek on the Environmental Protection Agency's website referencing the land

---

[1] As of the date of this decision, defendants Ryan Roderick and Robert Adams have not been served. The parties do not dispute whether they were required to consent.

2

as "federal military property." Id. The notice also included, as an attachment, the original Order Vesting Title in the United States from 1942. Id. Further, Defendant noted that the commissary itself is operated by a federal agency (the Defensive Commissary Agency) and cited numerous cases in which courts exercised federal enclave jurisdiction over similar military bases. Id. The notice also asserts that Little Creek is owned by the Department of the Navy and that the case implicates federal interests because the injury occurred at the federally operated commissary. Id.

Defendant does not assert any basis for removal other than federal enclave jurisdiction.

## II. LEGAL STANDARD

### A. Federal Enclave Jurisdiction

As courts of limited subject matter jurisdiction, federal courts may exercise "only the jurisdiction authorized them by the United States Constitution and by federal statute." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). The primary sources of federal court jurisdiction are diversity and federal question jurisdiction. Diversity jurisdiction permits courts to hear civil actions between "citizens of different states" where the amount in controversy exceeds $75,000 "exclusive of interests and costs." 28 U.S.C. § 1332. Federal question jurisdiction exists in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

3

§ 1331. This case implicates a type of federal question jurisdiction known as federal enclave jurisdiction.

Federal enclave jurisdiction arises from Article I, Section 8 of the United States Constitution, which provides that "Congress shall have Power . . . to exercise exclusive Legislation . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings." U.S. Const. art. I, § 8, cl. 17. Lands obtained by the United States for federal use under this clause are known as federal enclaves, and the federal government may exercise exclusive legislative jurisdiction within the lands' boundaries. See Surplus Trading Co. v. Cook, 281 U.S. 647, 652 (1930) ("It has long been settled that where lands for such a purpose are purchased by the United States with the consent of the State legislature, the jurisdiction theretofore residing in the state passes, in virtue of the constitutional provision, to the United States, thereby making the jurisdiction of the latter the sole jurisdiction."). To exercise federal legislative jurisdiction on enclaves, (1) the federal government must acquire land within a state, (2) the state must cede or consent to federal jurisdiction over the land, and (3) the federal government must accept jurisdiction. Paul v. United States, 371 U.S. 245, 264, 267 (1963).

Judicial subject matter jurisdiction is derived from the legislative jurisdiction on federal enclaves. See 13D Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3563 (3d ed.) Because the federal government has legislative jurisdiction, the laws in effect on that land are generally considered the laws of the federal government, which gives courts subject matter jurisdiction to hear cases that occur on the land. See James Stewart & Co. v. Sadrakula, 309 U.S. 94, 99 (1940) (holding that state laws in place when land was purchased continued as laws of the federal territory); see also Mater, 200 F.2d at 124; Colon v. United States, No. GJH-17-775, 2018 U.S. Dist. LEXIS 42761, at *27 (D. Md. 2018). Courts, including the United States Court of Appeals for the Fourth Circuit, have held that federal courts have federal question jurisdiction over tort claims that arise on federal enclaves. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) (citations omitted); Stokes v. Adair, 265 F.2d 662, 665-66 (4th Cir. 1959); Federico v. Lincoln Military Hous., 901 F. Supp. 2d 654, 664 (E.D. Va. 2012); Akin v. Big Three Indus., Inc., 851 F. Supp. 819, 821-22 (E.D. Tex. 1994) (citing Mater v. Holley, 200 F.2d 123, 124 (5th Cir. 1952)) ("[A]ny law existing in territory over which the United States has exclusive sovereignty must derive its authority and force from the United States and is for that reason federal law.").

The Tenth Circuit has observed that the existence of judicial subject matter jurisdiction on federal enclaves is a "complex question" that factors in federal policy, the state law at the time the land was acquired, whether that state law has been altered by federal legislation, and whether the federal government has "exclusive, concurrent or proprietorial jurisdiction." Celli v. Shoell, 40 F.3d 324, 328 (10th Cir. 1994). Because judicial subject matter jurisdiction is derived from the existence of federal legislative jurisdiction, the three elements necessary for legislative jurisdiction are used to determine whether the court can exercise its jurisdiction over a case that happened on the land.

First, a court must determine if the federal government has acquired title to the land. Paul, 371 U.S. at 267. This is normally a relatively easy determination.

Second, because title over the land is not sufficient, even if such title exists, a court must still decide whether the state has ceded or consented to jurisdiction of the federal government. See id. As the Second Circuit has noted, the United States "does not have jurisdiction over all lands owned by the federal government within the state" by virtue of mere title. United States v. Davis, 726 F.3d 357, 363-64 (2d Cir. 2013). Davis goes on to list several cases in which federal courts found that they could not exercise federal enclave jurisdiction despite federal

ownership of the land. Id. at 364. Courts look to the state law at the time the land was acquired or other indications of consent, such as letters between government officials, to determine whether and to what extent the state consented to jurisdiction. See Jones v. John Crane-Houdaille, Inc., No. CCB-11-2374, 2012 U.S. Dist. LEXIS 48931, at *10 (D. Md. Apr. 6, 2012) (considering the language of a Maryland statute consenting to jurisdiction of the federal government); Federico, 901 F. Supp. 2d at 662 (looking at a letter from a director of real estate for the Navy to the Governor of Virginia adjusting jurisdiction from exclusive to concurrent). Moreover, the state may consent to or cede either exclusive or concurrent jurisdiction. See Kleppe v. New Mexico, 426 U.S. 529, 542 (1976). The federal government may also originally possess exclusive jurisdiction but cede concurrent jurisdiction back to the state. See Federico, 901 F. Supp. 2d at 662, 668. Concurrent jurisdiction does not bar a federal court from hearing state law claims, but in such cases, the court should determine whether there is a compelling argument for federal enclave jurisdiction based on substantial federal interests. Akin, 851 F. Supp. at 822 & n.1 (holding whether the government had concurrent jurisdiction over the land was irrelevant to whether there was a federal question because the controversy on federal land involved substantial federal interests); Federico, 901 F. Supp. 2d at 664 (agreeing with the court in Akin that there should be federal jurisdiction

7

over federal enclaves under concurrent jurisdiction to prevent state interference with substantial federal interests). But see Ching v. Aila, No. 14-00253 JMS-RLP, 2014 U.S. Dist. LEXIS 117707 at 26-28 (D. Haw. Aug. 22, 2014) (arguing that the Federico court misinterpreted established federal question jurisprudence in applying a "subjective" federal interest standard).

Third, after a state consents, the federal government must accept jurisdiction for any land purchased after 1940. 40 U.S.C. § 3112 ("It is conclusively presumed that jurisdiction has not been accepted until the Government accepts jurisdiction over land as provided in this section."); see Paul, 371 U.S. at 265. To accept jurisdiction, the head of a Government agency or department or another authorized officer must file "a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated." 40 U.S.C. § 3112

Therefore, without a showing of federal ownership of the land, consent to jurisdiction, and acceptance of jurisdiction, a court cannot exercise subject matter jurisdiction over cases on a federal enclave.

**B. Removal**

Removal implicates significant federalism concerns and, accordingly, requires district courts to construe the removal statute strictly against removal. Campbell v. Hampton Roads

8

Bankshares, Inc., 925 F. Supp. 2d 800, 803 (E.D. Va. 2013) (citing Venezuela v. Massimo Zanetti Beverage USA, Inc., 525 F. Supp. 2d 781, 784 (E.D. Va. 2007)). Federal district courts may only keep a case if the court has subject matter jurisdiction and the case could have been brought in federal court originally. 28 U.S.C. § 1441.

Section 1441 of Title 28 of the United States Code, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." Id. § 1441(a). To remove a case to federal court, defendants must file a notice of removal within thirty days of when the grounds for removal become apparent. Id. § 1446.

Such notice must contain a copy of the process, pleadings, and orders already served as well as "a short and plain statement of the grounds for removal." Id. § 1446(a). The Fourth Circuit has held that this language requiring a "short and plain statement" is "deliberately parallel" to Federal Rule of Civil Procedure 8(a) and that it would be "inappropriate for . . . the removing party's notice of removal to meet a higher pleading standard than one imposed on a plaintiff in drafting an initial complaint." Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 199-200 (4th Cir.

2008) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007)). Further, the Supreme Court has concluded that the notice requirement "tracks the general pleading requirement" and does not call for a defendant to include evidence supporting the basis for jurisdiction. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 552-53 (2014). The pleading standard, as articulated in Twombly and Iqbal requires only that the parties allege enough facts to create a plausible basis for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. 544, 570. Therefore, a party's notice of removal need only plausibly allege that the district court has subject matter jurisdiction.

## C. Leave to Amend

If the Court decides that a notice of removal is insufficient, it may look to 28 U.S.C. § 1653, which provides that "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. The Supreme Court has explained that 28 U.S.C. § 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830-31 (1989).

One line of cases reflects a "strict" application of 28 U.S.C. § 1653, disallowing amendments after 28 U.S.C. § 1446(b)'s thirty-day statutory period for removal. See, e.g., Covert v. Auto. Credit

10

Corp., 968 F. Supp. 2d 746, 749-50 (D. Md. 2013) (denying leave to amend because "Defendant did not merely make a defective allegation; it utterly failed to allege a jurisdictional fact, namely that the size of the putative class is greater than 100 persons"); Iceland Seafood Corp. v. Nat'l Consumer Coop. Bank, 285 F. Supp. 2d 719, 726-27 (E.D. Va. 2003); Tincher v. Ins. Co., 268 F. Supp. 2d 666, 667-68 (E.D. Va. 2003); Richmond, Fredericksburg & Potomac R.R. Co. v. Intermodal Servs., Inc., 508 F. Supp. 804, 805-07 (E.D. Va. 1981) ("The view of strict construction holds that all statutory requisites of diversity jurisdiction must be alleged at least imperfectly in the original petition for removal, otherwise the petition may not be amended after expiration of the 30-day removal period."); Thompson v. Gillen, 491 F. Supp. 24, 27 (E.D. Va. 1980) (allowing amendments only for "setting forth more specifically grounds for removal which had been imperfectly stated in the original petition; missing allegations may not be supplied nor new allegations furnished"). Another line of cases has taken a more "liberal" approach. See, e.g., Nutter v. New Rents, Inc., 945 F.2d 398, 1991 U.S. App. LEXIS 22952, at * 6 (4th Cir. Oct. 1, 1991) (unpublished table decision) (stating that the truth of diversity jurisdiction should matter more than the "choice of verbiage") (quoting Goforth v. Allstate Ins. Co., 213 F. Supp. 595 (W.D.N.C. 1963)); Muhlenbeck v. Ki, LLC, 304 F. Supp. 2d 797, 799-802 (E.D. Va. 2004) (holding that courts should follow a two-step

process to determine if a party can amend: (1) decide if the grounds for removal are "imperfectly stated" or "omitted completely" and, if imperfect, (2) decide whether the amendment is "technical" or "material and substantial"); Ginn v. Stegall, 132 F.R.D. 166, 167 (E.D. Va. 1990) ("It is well settled that amendment is liberally allowed to cure defective allegations of removal jurisdiction.").

In 2014, the Fourth Circuit addressed the historical differences between the "strict" and "liberal" approaches. Wood v. Crane Co., 764 F.3d 316, 323 (4th Cir. 2014). The court stated:

> these two schools differ only in verbiage. The upshot is the same: after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal. Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis. . . . The trick lies in placing a case within one of those two categories.

Id. Courts have since held that, after the thirty-day limit, amendments that "elaborate on an existing basis or ground for subject matter jurisdiction already stated" are permissible, but amendments that "seek to inject a new basis or ground for subject matter jurisdiction" are impermissible. Arlington Cmty. Fed. Credit Union v. Berkley Reg'l Ins. Co., 57 F. Supp. 3d 589, 598 (E.D. Va. 2014) (allowing a party to amend its notice of removal to properly allege the citizenship of a company when it failed to allege that it was localized, a factor required for citizenship of

a federal corporation); see AEA v. Volvo Penta of the Ams., LLC, 77 F. Supp. 3d 481, 487-88 (E.D. Va. 2015) (holding that the defendant was not permitted to amend its notice of removal to add separate federal question jurisdiction which the court considered a "new allegation[] of a jurisdictional basis" because the original notice only alleged maritime jurisdiction); see also Britton v. Gardner, No. 3:14CV683 (RCY), 2015 U.S. Dist. LEXIS 3746, at *10, *16-19 (E.D. Va. Jan. 12, 2015)(granting leave to amend for an "imperfectly stated technical defect" of verb tense related to timing of citizenship because it would not raise a significant factual dispute and did not add an entirely new basis for jurisdiction); Evans v. GEICO Gen. Ins. Co., No. 3:14-CV-659, 2014 U.S. Dist. LEXIS 166919, at *10 (E.D. Va. Dec. 2, 2014).

Therefore, courts have discretion to allow amendments that correct present allegations but "have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." Wood, 764 F.3d at 323. The difference between imperfect and missing can be a difficult line to draw. Arlington Cmty. Fed. Credit Union, 57 F. Supp. 3d at 597. On one end of the spectrum are amendments, like in Wood, that attempt to add a completely new basis for jurisdiction. Wood, 764 F.3d at 321-24 (forbidding an amendment to add the separate basis of federal question jurisdiction when no such basis was originally alleged); AEA, 77 F. Supp. 3d at 487-88. On the other end of the spectrum are cases that require a

13

slight change in wording to perfect an allegation of the same basis for jurisdiction. See Britton, 2015 U.S. Dist. LEXIS 3746, at *16-19; Evans, 2014 U.S, Dist. LEXIS 166919, at * 15-18. Moreover, after deciding that an amendment would fix an imperfectly stated, rather than a missing, allegation, some courts then determine whether the amendment is technical, or material and substantial, based on the factual dispute the amendment would cause. Britton, 2015 U.S. Dist. LEXIS 3746, at *17-19; Muhlenbeck, 304 F. Supp. 2d at 799-802. The court must decide where within the range of amendments a particular case falls to determine if the amendment is permissible.

## III. ANALYSIS

Plaintiff argues that this case must be remanded because Defendant's notice of removal failed to establish that (1) the Commonwealth of Virginia consented to or ceded jurisdiction, (2) the federal government accepted jurisdiction, and (3) there was a substantial federal interest. Plaintiff further claims that Defendant should not be granted leave to amend its notice. For the reasons stated below, the Court agrees with Plaintiff that the notice of removal was insufficient because it did not allege essential elements of federal enclave jurisdiction. However, the Court holds that Defendant should be granted leave to amend.

14

## A. Sufficiency of Defendant's Notice of Removal

For the reasons stated below, the Court concludes that the notice of removal is insufficient because it fails to allege two essential elements of federal enclave jurisdiction: (1) consent by the Commonwealth and (2) acceptance by the federal government.[2]

Though it need not prove the basis for jurisdiction, the notice of removal must plausibly allege the basis while satisfying the pleading standards established in Twombly and Iqbal. Dart Cherokee, 135 S. Ct. at 553-54; Ellenburg, 519 F.3d at 199-200; Norair Eng'g Corp. v. URS Fed. Servs., Inc., No. CV RDB-16-1440, 2016 U.S. Dist. LEXIS 172586, at *6-8 (D. Md. Dec. 14, 2016); Jones, 2012 U.S. Dist. LEXIS 48931, at *9. However, "it is not enough to allege in terms that the case is removable or belongs to one of the enumerated classes, or otherwise to rest the right upon mere legal conclusions." Chesapeake & O.R. Co. v. Cockrell, 232 U.S. 146, 151-52 (1914). Although factual allegations must be accepted as true, "[s]tatements of bare legal conclusions 'are not

---

[2] Though Plaintiff also claims that the notice fails to establish that there was a substantial federal interest, Plaintiff mischaracterizes this as a required element of federal enclave jurisdiction. While substantial federal interests are important for courts to consider when there is only concurrent jurisdiction, it is not an established element. See Federico, 901 F. Supp. 2d at 672; see also Ching, 2014 U.S. Dist. LEXIS 117707, at *26-28. The court in Federico focused part of its analysis on federal interests, to determine whether federal enclave jurisdiction could exist, because there was concurrent jurisdiction over the land. 901 F. Supp. 2d at 672-73. Even if substantial federal interests were required as a separate element that needed to be alleged, Defendant at least alleged that there was a federal interest because the incident occurred in a federally operated store on federal land. Notice of Removal, ECF No. 1. Thus, it is not necessary for the Court to evaluate whether there is a substantial federal interest for the purpose of determining whether the notice plausibly alleged federal enclave jurisdiction.

entitled to the assumption of truth' and are insufficient to state a claim." Sizemore v. Burnette, No. 5:17-cv-02498, 2018 U.S. Dist. LEXIS 37042, at \*4 (S.D. W. Va. Mar 7, 2018) (quoting Iqbal, 556 U.S. at 679. Iqbal requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

The issue in this case is whether the notice of removal alleging federal enclave jurisdiction contains sufficient facts to satisfy the Twombly and Iqbal standards when the notice of removal fails to allege consent by the state and acceptance by the federal government. To determine whether the notice is sufficient without the allegation of these elements, the Court compares this case to other notice of removal cases dealing with (1) federal enclave jurisdiction, (2) diversity jurisdiction, and (3) class action jurisdiction.[3]

---

[3] Cases discussing the sufficiency of jurisdictional allegations in complaints are also instructive for notices of removal because the pleading standard for a complaint is the same as the standard for a notice of removal. See Ellenburg, 519 F.3d at 199. For example, this Court has held that a jurisdictional allegation in a complaint was factually insufficient because the party incorrectly alleged the citizenship of a limited liability company ("LLC"). SunTrust Bank v. Village at Fair Oaks Owner, LLC, 766 F. Supp.2d 686, 691–92 (2011). Rather than properly alleging the citizenship of the LLC's members, the complaint was deemed imperfect because it only alleged that the LLC was a Virginia LLC and had its principal office and headquarters in Norfolk, Virginia. Id. at 691. The complaint's allegations were insufficient because it did not allege facts to establish jurisdiction. Id.

## 1. Federal Enclave Cases

A few courts have considered whether an allegation of federal enclave jurisdiction was sufficient in a notice of removal. Two courts in this circuit have found that a notice of removal was not defective where it generally alleged enclave jurisdiction and specifically alleged the federal government acquired title to the land, but failed to allege consent by the state and acceptance by the federal government. In an unpublished 2012 decision, the federal district court in Maryland held that "notice of removal [based on federal enclave jurisdiction] is not defective for failing to allege Maryland's consent to exclusive federal legislative jurisdiction." Jones v. John Crane-Houdaille, Inc., No. CCB-11-2374, 2012 U.S. Dist. LEXIS 48931, at *9 (D. Md. Apr. 6, 2012). The court in Jones reasoned that, although determining whether something is a federal enclave is "fact-intensive," the pleading standard only needs "to raise a right to relief above the speculative level" Id. at *11 (quoting Twombly, 550 U.S. at 555). The court rested its decision on a Maryland general consent statute providing exclusive jurisdiction over land purchased by the United States for arsenals and on "repeated references by judges in [the Maryland district] court to the federal enclave status" of the land. Id. at *10-12. A 2016 decision by the Maryland district court also declared that a notice of removal was not facially defective, even though it did not allege consent of the state or acceptance

17

by the federal government. Norair Eng'g Corp., 2016 U.S. Dist. LEXIS 172586, at \*6-8. The court again rested part of its decision on the fact that prior federal court cases had declared the land to be a federal enclave. Id. at \*8

Defendant's Brief in Opposition to remand in this case has employed reasoning similar to that used in Jones and Norair by pointing out that there was a similar consent statute in Virginia at the time that Little Creek was purchased, and by providing decisions of Virginia's Attorney General declaring that the federal government has exclusive jurisdiction over Little Creek. However, this case is different from Jones and Norair because a federal court has never deemed Little Creek to be a federal enclave. Moreover, those facts are only provided in the Brief in Opposition. In the absence of a prior federal court determination, the fact that Defendant's Brief in Opposition provides a factual basis for the missing elements is not enough for the original notice to be deemed sufficient. See Wood, 764 F.3d at 325 ("[T]he notice of removal itself—rather than any subsequent docket entry—is the document to which the court must refer.").

As discussed above, the existence of federal enclave jurisdiction generally requires a party to establish three elements. See Paul, 371 U.S. at 264, 267; see also Davis, 726 F.3d at 363-64 (2d Cir. 2013); Wood v. Am. Crescent Elevator Corp., No. 11-397, 2011 U.S. Dist. LEXIS 52239, at \*6-7 (E.D. La. May 13,

18

2011) ("In order for federal enclave jurisdiction to exist, (1) the United States must purchase land from a state for the purpose of erecting forts, magazines, arsenals, dock-yards, or other needful buildings, (2) the state legislature must consent to the jurisdiction of the federal government, and (3) if the property was acquired after 1940, the federal government must accept jurisdiction 'by filing a notice of acceptance with the Governor of the State or in another manner prescribed by the laws of the State where the land is situated.'") (quoting 40 U.S.C. 3112(b)) (internal citations omitted). A notice of removal must allege all of the necessary jurisdictional facts such that a district judge can determine whether jurisdiction exists. Covert v. Auto. Credit Corp., 968 F. Supp. 2d 746, 749-50 (D. Md. 2013) (citing 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (4th ed.)). Legal conclusions are insufficient to state a claim. Iqbal, 556 U.S. at 678-79. Moreover, mere conclusory statements that a piece of land is a federal enclave are not enough to meet defendant's burden in a notice of removal. See Ballard v. Ameron Int'l Corp, No. 16-cv-06074-JSC, 2016 U.S. Dist. LEXIS 147810, at *7-9 (N.D. Cal., Oct. 25, 2016). The court in Ballard held that the mere statement that an Air Force base was a federal enclave was not enough to allege a factual basis for jurisdiction in the notice of removal. Id. The defendant in Ballard failed to

show ownership of the land, let alone any of the other elements.
Id.

Unlike the defendant in Ballard, Prime Team has at least alleged sufficient facts to show ownership by the federal government—one of the required elements. However, ownership alone is generally not enough. A court cannot determine if it has federal enclave jurisdiction without facts showing title, consent, and acceptance. Without alleging those elements, an allegation that there is federal enclave jurisdiction is conclusory. Therefore, notwithstanding the fact that some courts have, on unique facts, excused the requirement to allege title, consent, and acceptance, the Court concludes that, in general, failure to allege any one of those three elements necessary for existence of federal enclave jurisdiction renders a notice of removal insufficient.

The notice of removal in this case did not allege sufficient facts for removal. It contained a conclusory statement that Little Creek is a federal enclave over which federal courts have jurisdiction, cited cases calling other military bases federal enclaves, and gave factual support for the first required element— that the United States has title to the land. Even accepting all these factual allegations as true, the "removal notice . . . does not contain enough information for the district judge to determine whether jurisdiction exists." Covert, 968 F. Supp. 2d at 749-50.

"The acquisition of title by the United States is not sufficient to effect that exclusion." Paul, 371 U.S. at 267 (quoting Silas Mason Co. v. Tax Commission, 302 U.S. 186, 197). As the Second Circuit highlighted in Davis, there are a number of cases, including cases that happened on federal military bases, in which federal courts found that federal enclave jurisdiction did not exist even though the United States owned the land. Davis, 726 F.3d at 363-64. Therefore, though alleging ownership of the land satisfies one element necessary for courts to exercise federal enclave jurisdiction, enclave jurisdiction is not plausibly asserted without allegations of the state's consent and the federal government's acceptance. Prime Team's notice only alleges ownership of the land and fails to allege both consent by the state and acceptance by the federal government.

## 2. Diversity Cases

In determining whether Defendant sufficiently alleged enclave jurisdiction in its notice of removal, it is helpful to look at cases discussing the clarity required in a notice of removal resting on diversity jurisdiction.[4] Courts have considered notices

---

[4] Some courts require citizenship to be pleaded with specificity to adequately establish diversity jurisdiction. See, e.g., Hall v. Backyard Leisure, LLC, No. 3:13cv211, 2013 U.S. Dist. LEXIS 188922, at *4-6 (E.D. Va. Apr. 4, 2013) (holding that the notice of removal needed to "set forth with specificity the names and citizenship" of the members of the LLC). This specificity requirement does not change Ellenburg's plausibility requirement. Ellenburg was a case about diversity jurisdiction. 519 F.3d at 200. The court eliminated a specificity standard for pleading jurisdiction in a notice of removal in favor of a plausibility standard. Id.; see Hamrick v. Rest. Mgmt Grp., LLC, No. 2:14cv02762, 2014 U.S. Dist. LEXIS 131613, at *8-9 (S.D. W. Va. Sep. 19, 2014)

of removal insufficient in diversity cases when the party failed to adequately allege either of the essential elements of diversity jurisdiction. See, e.g., Britton, 2015 U.S. Dist. LEXIS 3746, at *13 ("Defendant's Original Notice, therefore, was defective in that it failed to allege diversity at the time the Complaint was filed."); DBS, Inc. v. Selective Way Ins. Co., No. 2:13-cv-312, 2013 U.S. Dist. LEXIS 97112, at *4-6 (E.D. Va. July 10, 2013) (holding that a defendant's allegation of diversity jurisdiction in the notice of removal was insufficient because a grammatical error made it unclear whether it alleged a corporation's principal place of business at the time the complaint was filed or just at the time the notice was filed). Even when parties alleged an element such as citizenship, but did so unclearly or imperfectly, courts still held the notice was insufficient. See Johnson v. Nutrex Research, Inc., 429 F. Supp. 2d 723, 725-26 (D. Md. 2006) (holding that calling a party a "resident" of a state was not sufficient to allege that party was a citizen of that state for diversity purposes); Muhlenbeck, 304 F. Supp. 2d at 800-01 (ruling

(noting that a plaintiff's argument that the defendant's pleading for diversity jurisdiction lacked specificity was without merit because Ellenburg held that a higher pleading standard was not required). Even if citizenship itself may have to be pleaded specifically to make a jurisdictional allegation plausible, the notice of removal as a whole need only meet the plausibility standard. Although, arguably, a specificity requirement could make the pleading standard higher in diversity jurisdiction cases and thus make a comparison to them less persuasive, for the purposes of this opinion the comparison is instructive because the pleading standard is still plausibility which applies to all notices of removal. The specificity for citizenship is an indicator of how enough facts need to be pleaded to allege a plausible basis for any type of jurisdiction.

that a defendant imperfectly stated its grounds for removal when it alleged diversity jurisdiction but improperly alleged citizenship of an LLC). Applying the notice of removal diversity pleading standard to the notice of removal federal enclave allegations at issue here produces the same result. Just as courts determine notices are insufficient for imperfect or missing allegations of the elements of diversity, if there is an imperfect or missing allegation of any of the elements of federal enclave jurisdiction, courts should generally consider the notice insufficient because federal courts are courts of limited jurisdiction and jurisdictional facts should be pleaded with enough specificity to make the notice plausible.[5]

Notices have been deemed deficient for as little as grammatical errors that make jurisdiction unclear. <u>Britton</u>, 2015 U.S. Dist. LEXIS 3746 at *6, *19; <u>Evans</u>, 2014 U.S. Dist. LEXIS 166919, at *10. Without any mention of the consent or acceptance elements, Defendant's notice is even more unclear than one that alleges citizenship but potentially at the wrong time. <u>See</u> <u>Britton</u>, 2015 U.S. Dist. LEXIS 3746, at *12-13.

---

[5] <u>See</u> <u>supra</u> note 4. Though <u>Ellenburg</u> required plausibility not specificity, the line of diversity cases shows that some facts, such as citizenship, must be specifically pleaded to reach the level of plausibility required. <u>See, e.g.</u>, <u>Britton</u>, 2015 U.S. Dist. LEXIS 3746, at *13 (holding a notice of removal was insufficient because the party failed to specifically allege citizenship at the time of filing).

### 3. Class Action Cases

Similar concerns arise in the class action context because, as a form of diversity jurisdiction[6], jurisdiction in class action cases requires a showing of three elements: (1) the class is over 100 people, (2) any member of the class is a citizen of a different state than any defendant, and (3) the amount in controversy is over $5,000,000. 28 U.S.C. § 1332(d); Covert, 968 F. Supp. 2d at 748. Courts have determined that notices of removal were insufficient for omitting any one of these required elements. See, e.g., Covert, 968 F. Supp. 2d at 751 (D. Md. 2013) ("Defendant's notice of removal completely omits to allege the size of the putative class, which is one of the three required elements for federal jurisdiction under CAFA."); cf. Dart Cherokee, 135 S. Ct. at 552-53 (holding that a defendant's notice of removal need only contain a plausible allegation that the amount in controversy was sufficient under the Class Action Fairness Act ("CAFA")). Like class action jurisdiction, federal enclave jurisdiction requires a showing of three distinct elements. See Covert, 968 F. Supp. 2d 749-51.

---

[6] See Strawn v. AT&T Mobility LLC, 530 F.3d 293, 298 (4th Cir. 2008) ("The relevant portions of CAFA were enacted to amend the requirements for diversity jurisdiction and to amend the rules for removing cases to federal court, and while CAFA expressly altered certain requirements for asserting diversity jurisdiction and removing class actions, it did not reverse the established principles for alleging and demonstrating jurisdiction on removal.")

The Covert court's analysis of class action jurisdiction is instructive in this case because it deals with a defendant failing to allege an element required for jurisdiction. See id. The notice in Covert failed to allege the element of class size as required for jurisdiction under CAFA. Id. at 751. Similarly, Defendant's notice fails to allege the elements of consent and acceptance as required for federal enclave jurisdiction. There was not even a "threadbare recital" of either element. See Iqbal, 556 U.S. at 678. Applying the general principle, used in class action cases, that federal courts, as courts of limited jurisdiction, cannot exercise jurisdiction unless all the required elements are established, a court cannot exercise jurisdiction over a case that occurred on a federal enclave without evaluating whether the facts support the existence of the elements. If a court cannot exercise jurisdiction without considering all the elements, then reason dictates that a notice of removal would be deficient unless it alleges all of those elements.

Therefore, as has been similarly decided in the context of both class action and diversity cases under the principle above, the notice of removal in this case is insufficient because it does not allege all the elements of federal enclave jurisdiction.

**B. Leave to Amend**

After concluding that Defendant's notice of removal is insufficient, the Court must evaluate whether Defendant may be

granted leave to amend the notice. For the reasons noted below, the Court determines that the notice contains an imperfect, versus a missing, allegation, and the request for leave to amend would only address a technical matter, rather than one that is material and substantial.

**1. Imperfect Versus Missing Allegations**

The statute permitting amendments states that a "defective" allegation of jurisdiction may be amended. 28 U.S.C. § 1653. To determine what defects can be amended, courts have developed a distinction between imperfect and missing allegations. Courts in the Fourth Circuit have split as to what fell within each category.

The stricter line of cases suggests that adding missing allegations of elements of jurisdiction should not be permitted even if it is the same basis for jurisdiction. See Covert, 968 F. Supp. 2d at 750-51. In Covert, the court did not permit an amendment when the parties failed to allege an element required for jurisdiction under CAFA. Id. at 751. The court held the missing element would be adding a new allegation, not fixing an imperfect one. Id. at 751. The more liberal line of cases, however, suggests that the veracity of jurisdiction is the true concern. Nutter, 1991 U.S. App. LEXIS, at *6.

According to the Fourth Circuit, the distinction between the strict and liberal cases is only a matter of language. Wood, 764 F.3d at 323. Ultimately, both suggest that amendments should be

permitted unless they are to add an entirely new basis for jurisdiction. Wood, 764 F. 3d at 323.

In this case, the notice is missing factual allegations of key elements for federal enclave jurisdiction, Defendant's omission of two of the elements falls in between requiring a minor amendment, such as those that fix grammatical errors, and a major amendment, such as those that add a whole new basis for jurisdiction. While Defendant's amendment would add more than a "change in verbiage," it does not rise to the level of alleging a new ground for jurisdiction. See DBS, Inc., 2013 U.S. Dist. LEXIS 97112, at *6.

The question then becomes whether the absence of required elements renders the allegation of jurisdiction imperfect and thus amenable to amendment, or whether it means that the notice is missing allegations of jurisdiction such that it may not be amended. The court concludes that adding factual allegations of elements only seeks to "elaborate on an existing basis" of jurisdiction. Evans, 2014 U.S. Dist. LEXIS 166919, at * 10. Defendant continues to allege federal enclave jurisdiction but only seeks to add new facts that make the allegation sufficient. An amendment will permit Defendant to include facts to complete the conclusory allegation that the court has federal enclave jurisdiction. See Arlington Cmty. Fed. Credit Union, 57 F. Supp. 3d at 596 ("[D]efendants may amend their notices of removal when,

for example, 'jurisdiction is alleged in a conclusory fashion'")
(quoting Richmond, Fredericksburg & Potomac R.R. Co., 508 F. Supp.
at 805).

Though Covert, a pre-Wood case from the strict line of cases,
suggests that a missing element is a missing allegation and
therefore may not be amended, this Court looks to two post-Wood
cases that are instructive on whether a notice may be amended:
Arlington and Britton. In Arlington, the court permitted an
amendment where the defendant alleged diversity of citizenship but
failed to allege localization of a federal corporation. Arlington
Cmty. Fed. Credit Union, 57 F. Supp. 3d at 598–99. Although
localization is an important consideration in determining the
element of citizenship, the court held that an amendment would be
permitted because it "simply seeks to explain the reasons for
existence of diversity jurisdiction already stated in" the notice
of removal. Id. In Britton, the court permitted an amendment to a
notice of removal to "clarify that diversity existed at the time
the Complaint was filed." Britton, 2015 U.S. Dist. LEXIS 3746, at
*16, *19. The defendant had used a present tense verb to allege
the citizenship of the parties in its notice of removal. Id. The
court explained that an amendment should be permitted because the
defendant did not seek to allege a new basis for removal, but
sought to fix an imperfect allegation. Id.

This case is more closely analogous to Arlington. The notice in Arlington failed to allege a factor that was an important consideration for determining a party's citizenship.[7] Arlington Cmty. Fed. Credit Union, 57 F. Supp. 3d at 598. Likewise, Prime Team failed to allege factors that are important to consider for federal enclave jurisdiction. Prime Team completely omits the elements of consent and acceptance, unlike the defendant in Arlington who alleged the element of citizenship but omitted the fact of localization which is used to determine citizenship. However, like the amendment sought by the defendant in Arlington to add facts to explain the existence of jurisdiction already alleged, an amendment to Prime Team's notice still would not require it to allege an entirely new basis of jurisdiction, but would add facts to the existing basis. The missing elements of federal enclave jurisdiction merely render such allegation imperfect. Though strict cases prior to Wood, such as Covert, suggest that failing to allege an element of jurisdiction is fatal, post-Wood case law seems to permit amendments unless they allege a completely new basis for jurisdiction. Compare Covert, 968 F. Supp. 2d at 751 with Wood, 764 F.3d 328; Arlington Cmty. Fed. Credit Union, 57 F. Supp. 3d at 598; AEA, 77 F. Supp. 3d at 487-

---

[7] The court in Arlington held that the notice was sufficient, but alternatively considered whether, if the notice were insufficient, leave to amend should be granted. Therefore, the analysis is instructive for this case. Arlington Cmty. Fed. Credit Union, 57 F. Supp. 3d at 599.

88. Prime Team does not seek to allege a new basis for jurisdiction. It simply seeks to fix an imperfect allegation by adding the missing elements of federal enclave jurisdiction.

Therefore, the notice in this case is imperfect and the amendment only seeks to correct the allegation of federal enclave jurisdiction, not to allege a missing basis for jurisdiction.

**2. Technical Versus Material and Substantial Amendments**

Once determining that a notice is imperfect, some courts then consider whether the amendment is "technical" or "material and substantial." Muhlenbeck, 304 F. Supp. 2d at 801; Britton, 2015 U.S. Dist. LEXIS 3746, at *8. If an amendment would lead to a significant factual dispute, it may be material and substantial and, thus, should not be permitted. Muhlenbeck, 304 F. Supp. 2d at 801. Though treated separately from missing and imperfect allegations, the technical versus material and substantial analysis is related because it involves substantially similar considerations. Adding an entirely new basis for jurisdiction would clearly cause a significant factual dispute because the parties would have to analyze an entirely new argument. On the other hand, changing a verb tense to properly reflect the alleged citizenship would not lead to a new dispute because the parties were already on notice that defendant alleged diversity of citizenship. See Britton, 2015 U.S. Dist. LEXIS 3746, at *17–19.

Whether something is a federal enclave is a fact intensive analysis that may lead to more dispute over whether the Court actually has jurisdiction. However, it is not the same type of factual dispute contemplated when a new basis of jurisdiction is alleged. While adding new elements adds new facts into the allegation, it is only a technical amendment to make the notice properly allege the existing basis for jurisdiction. Adding new facts should not be a barrier to amendment when the notice alleges the same type of jurisdiction because it just seeks to be more specific in its existing allegation of jurisdiction to make the jurisdiction plausible. Unlike adding an entirely new basis for jurisdiction, which would lead to a whole new factual dispute because the parties were not on notice that the basis was being alleged, when the allegation of jurisdiction is the same, the parties are both on notice of the facts that could be in dispute.[8]

Though more than a change in verbiage, Defendant is not trying to allege a new basis for jurisdiction. Permitting an amendment allows Defendant to add facts to his existing, imperfect allegation of federal enclave jurisdiction and, thus, Defendant should be granted leave to amend.

---

[8] Fairness is also important to consider when permitting a party to amend its jurisdictional allegations. See Arlington Cmty. Fed. Credit Union, 57 F. Supp. 3d at 599. An amendment would cause no prejudice or surprise to Plaintiff in this case because Defendant does not seek to allege a new basis for jurisdiction. Plaintiff is already on notice that federal enclave jurisdiction is at issue.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**. Pursuant to 28 U.S.C. § 1653, Defendant is hereby **GRANTED** leave to amend the defective jurisdictional allegations in the notice of removal within seven (7) days of the date of this Opinion and Order. The Clerk is **DIRECTED** to send a copy of this Opinion and Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ _____

Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 10 , 2018